## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## CHARLESTON

**LOWELL MASON VARNEY,**

**Plaintiff,**

**v.**                                                   **Case No. 2:15-cv-12779**

**EDDIE HUNTER, Sheriff,**
**LOGAN COUNTY SHERIFF'S DEPARTMENT, and**
**LOGAN COUNTY PROSECUTOR'S OFFICE,**

**Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATION

On August 28, 2015, the plaintiff, Lowell Mason Varney, an inmate incarcerated at the Maury Correctional Institution in Maury, North Carolina, filed a "Notice of Intention to File Claim," which has been construed as a Complaint under 42 U.S.C. § 1983 (ECF No. 1). On September 25, 2015, the plaintiff filed the form section 1983 Complaint used in this court (ECF No. 5), which is considered the operative document herein, and an Application to Proceed Without Prepayment of Fees and Costs (ECF No. 4). This is the third Complaint filed by the plaintiff in this federal court since October of 2012.1 This matter is assigned to the Honorable Thomas E. Johnston, Chief United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

---

1 The plaintiff's two prior cases were brought against Logan County Family Court officials concerning child custody proceedings related to the plaintiff's requests for visitation with his minor son. Both cases were dismissed under 28 U.S.C. § 1915A for failure to state a claim upon which relief can be granted. *See Varney v. Harwood*, No. 2:12-cv07171 (dismissed on Jan. 3, 2013) and *Varney v. W. Va. Family Ct.*, No. 2:13-cv-07177 (dismissed on Aug. 7, 2013).

## <u>STANDARD OF REVIEW</u>

Pursuant to the provisions of 28 U.S.C. § 1915A, the court is obliged to screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On review, the court must dismiss the case if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. This screening is done prior to consideration of the Application to Proceed without Prepayment of Fees and Costs. A "frivolous" case has been defined as one which is based on an indisputably meritless legal theory. *Denton v. Hernandez*, 504 U.S. 25 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Pro se complaints are held to less stringent standards than those drafted by attorneys, and the court is obliged to construe liberally such complaints. However, in *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555.

The Supreme Court elaborated on its holding in *Twombly* in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), a civil rights case. The Court wrote:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the

elements of a cause of action, supported by mere conclusory statements, do not suffice. [*Twombly*, 550 U.S.] at 555, 127 S. Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted). Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556. * * *

In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

129 S. Ct. at 1949-50.

## ANALYSIS

In the instant matter, the plaintiff alleges that the defendants have ignored his requests for an investigation and prosecution of his allegations of child molestation by family members more than 30 years ago. The plaintiff alleges that Sheriff Eddie Hunter is an old family friend and that is why he will not investigate these claims. The plaintiff seeks monetary relief and that an investigation of his claim be ordered.

However, the plaintiff's Complaint fails to state a claim upon which relief can be granted and the defendants are entitled to qualified immunity thereon because the defendants have no constitutional duty to investigate or prosecute the plaintiff's claims of criminal conduct by private actors. A plaintiff in a section 1983 case must demonstrate that a state actor deprived him of a right secured by the Constitution and laws of the United States. *See Martinez v. California*, 444 U.S. 277, 284 (1980).

"The Due Process Clause of the Fourteenth Amendment provides that '[n]o State . . . shall deprive any person of life, liberty, or property, without due process of law.'"

*DeShaney v. Winnebago Cty. Dep't of Soc. Serv.*, 489 U.S. 189, 194 (1989). Nevertheless, the Due Process Clause does not "require[] the State to protect the life, liberty and property of its citizens against invasion by private actors." *Id.* at 195. Thus, "it has been held that police officers do not have an affirmative duty to investigate crimes in a particular manner or to protect one citizen from another." *Brown v. San Bernadino Cty. Sheriff's Dep't*, No. EDCV 13-00228-SVW (MLG), 2013 WL 1703059 (C.D. Cal. Feb. 6, 2013) (citing *Gini v. Las Vegas Metro. Police Dep't*, 40 F.3d 1041, 1045 (9th Cir. 1994) and *McKenna v. St. Louis Cty. Police Dep't*, 2010 WL 56011 *4 (E.D. Mo. Jan 4. 2010)); *see also Doe v. Rosa*, 795 F.3d 429, 437 (4th Cir. 2015).

Thus, under *DeShaney* and its progeny, Sheriff Hunter and the Logan County Sheriff's Department had no affirmative duty to investigate the plaintiff's claim of criminal child molestation, particularly when no other constitutional right is implicated by the failure to investigate. *Brown,* 2013 WL 1703059 at *1; *see also Town of Castle Rock, Colo. v. Gonzales*, 545 U.S. 748, 768 (2005) ("[T]he benefit that a third party may receive from having someone else arrested for a crime generally does not trigger protection under the Due Process Clause, neither in its procedural nor in its 'substantive' manifestations.") ; *Gomez v. Whitney*, 757 F.2d 1005, 1006 (9th Cir. 1985) ("[W]e can find no instance where the courts have recognized inadequate investigation as sufficient to state a civil rights claim unless there was another recognized constitutional right involved."). Accordingly, the plaintiff's Complaint fails to state a plausible claim for relief against Sheriff Hunter and the Logan County Sheriff's Department.

Similarly, the plaintiff's Complaint fails to state a plausible claim for relief against the Logan County Prosecutor's Office because it is clearly established that prosecuting attorneys are absolutely immune from liability under section 1983 for their conduct in

4

"initiating a prosecution and in presenting the State's case," which are functions "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). Subsequently, in *Buckley v. Fitzsimmons*, 509 U.S. 259 (1993), the Supreme Court summarized its rulings on prosecutorial immunity as follows:

> In *Imbler v. Pachtman*, 424 U.S. 409, 96 S. Ct. 984, 47 L. Ed.2d 128 (1976), we held that a state prosecutor had absolute immunity for the initiation and pursuit of a criminal prosecution, including presentation of the state's case at trial. * * * We concluded that the common-law rule of immunity for prosecutors was "well settled" and that "the same considerations of public policy that underlie the common-law rule likewise countenance absolute immunity under § 1983." *Id.* at 424, 96 S. Ct., at 992. Those considerations supported a rule of absolute immunity for conduct of prosecutors that was "intimately associated with the judicial phase of the criminal process." *Id.,* at 430, 96 S. Ct., at 995. * * *
>
> We applied the *Imbler* analysis two Terms ago in *Burns v. Reed,* 500 U.S. 478, 111 S. Ct. 1934, 114 L. Ed.2d 547 (1991). There the § 1983 suit challenged two acts by a prosecutor: (1) giving legal advice to the police on the propriety of hypnotizing a suspect and on whether probable cause existed to arrest that suspect, and (2) participating in a probable-cause hearing. We held that only the latter was entitled to absolute immunity. Immunity for that action under § 1983 accorded with the common-law absolute immunity of prosecutors and other attorneys for eliciting false or defamatory testimony from witnesses or for making false or defamatory statements during, and related to, judicial proceedings. *Id.,* at 489, 111 S. Ct. at 1941-42; *id.,* at 501, 111 S. Ct. at 1947.

509 U.S. at 269-70. "[T]he *Imbler* approach focuses on the conduct for which immunity is claimed, not on the harm that the conduct may have caused or the question whether it was lawful." *Id.,* at 271-72. The plaintiff's allegations against the Logan County Prosecutor's Office are limited to the discretionary decision to not initiate or pursue a criminal prosecution as requested by the plaintiff, for which actions that defendant is absolutely immune, under the holding of *Imbler*.

Moreover, the plaintiff's request for an order requiring an investigation is akin to a request for mandamus relief against defendants over whom this federal court has no authority to grant such relief.  Title 28, United States Code, Section 1361, provides as follows:

> The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee *of the United States or any agency thereof* to perform a duty owed to the plaintiff.  [Emphasis added.]

28 U.S.C. § 1361.  A writ of mandamus "will issue only where the duty to be performed is ministerial and the obligation to act peremptory and plainly defined.  The law must not only authorize the demanded action, but require it; the duty must be clear and indisputable."  *Central S.C. Chapter, Soc. of Prof'l Journalists, Sigma Delta Chi v. United States Dist. Court for the Dist. of S.C.,* 551 F.2d 559, 562 (4th Cir. 1977).  Thus, the plaintiff is asking a federal court to order a state court to act in a particular manner under state law.  A federal writ of mandamus will not lie to compel a state officer to perform a duty owed to a petitioner.

## **RECOMMENDATION**

For these reasons, the undersigned proposes that the presiding District Judge **FIND** that the plaintiff's Complaint fails to state a claim upon which relief can be granted.  Accordingly, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** the plaintiff's Complaint (ECF No. 5), pursuant to the provisions of 28 U.S.C. § 1915A, and **DENY** the plaintiff's Application to Proceed without Prepayment of Fees and Costs (ECF No. 4).

The plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, Chief United States District Judge.  Pursuant to the provisions of Title 28, United States Code,

Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be provided to Chief Judge Johnston.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the plaintiff.

April 9, 2018

Dwane L. Tinsley
United States Magistrate Judge